SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
BAT LLC,

                      Plaintiff,

    - against -

TD BANK, N.A. and ADT LLC,

                      Defendants.
-----------------------------------------------------------------x

Index No.
Date filed:    8/3/2015

**COMPLAINT**

Plaintiff BAT LLC, by its undersigned counsel, Goldberg & Rimberg PLLC, for its complaint against defendants alleges as follows:

### PARTIES

1.    Plaintiff BAT LLC ("BAT") is a limited liability company duly organized and existing under the laws of the State of New York.

2.    Plaintiff is the assignee of all rights and claims of Chaya Bienestock and Yaakov Bienestock (the "Bienestocks") against defendants TD Bank, N.A. and ADT LLC (collectively "Defendants"). BAT and the Bienestocks shall sometimes hereinafter be collectively referred to as Plaintiff.

3.    Upon information and belief, TD Bank, N.A. ("TD Bank") is a national bank, chartered and regulated by the Comptroller of the Currency, having its principal place of business in New Jersey and Maine.

4.    Upon information and belief, TD Bank owns and operates a TD Bank, N.A. branch office located at 1602 Avenue U, Brooklyn, New York 11229 (the "Branch Office").

5.    Upon information and belief, defendant ADT LLC is a Delaware limited liability company duly authorized to conduct business in the State of New York.

1

## FACTS COMMON TO ALL CAUSES OF ACTION

6. At all relevant times, TD Bank is and has been in the business of providing safe deposit services at the Branch Office, pursuant to which, inter alia, TD Bank leases safe deposit boxes in exchange for valuable consideration.

7. On or about June 10, 2010, in exchange for valuable consideration, Plaintiff entered into a Safe Deposit Box Lease Contract (the "Contract") with TD Bank, for the use of a safe deposit box (the "Box") at the Branch Office.

8. In exchange for Plaintiff's annual "rental fee," TD Bank agreed to safeguard and store the items that Plaintiff placed in its safe deposit box in the secured vault located at the Branch Office.

9. Pursuant to the Contract, same was to be "considered as renewed for another year, unless surrendered or terminated by the Bank."

10. At all relevant times, Plaintiff continued to pay the annual "rental fee" to TD Bank.

11. As a result of the annual "rental fee" payment, the Contract automatically renewed each year.

12. Each year when the Contract automatically renewed, the substantive terms of the original Contract were not changed.

13. The Contract did not have any provisions that limited TD Bank's liability with regard to certain types of items stored in the safe deposit boxes.

14. In or about June 2010, Plaintiff placed valuables in excess of $250,000.00 (the "Valuables") into the Box for safeguarding by TD Bank, its agents and employees.

15. Upon information and belief, on Monday, August 6, 2012, TD Bank's employees arrived at the Branch Office to discover that the Branch Office had been unlawfully invaded and the contents of multiple safe deposit boxes had been stolen.

16. Upon information and belief, unidentified perpetrators bypassed the alarm system at the Branch Office entered the Branch Office through a hole in the ceiling above the bank vault where the safe deposit boxes were contained.

17. Plaintiff's Box was one of multiple safe deposit boxes that was forcibly opened by the robbery perpetrators.

18. The contents of the Box were removed during the robbery.

19. TD Bank, its agents and employees, notified police and a formal investigation of the Branch Office break-in and robbery was conducted. The investigation is ongoing.

20. Plaintiff has not recovered any of the Valuables.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Bailment Contract)

21. Plaintiff repeats and reallages each of the allegation contained in paragraphs 1-20 above as if fully set forth herein.

22. A valid bailment agreement existed between Plaintiff and TD Bank with respect to the Box.

23. TD Bank, in consideration of the rent paid under the terms of the Contract, agreed to provide reasonable security to safeguard the Box and its contents.

24. TD Bank, in consideration of the rent paid under the terms of the Contract, agreed to provide a secure location where the Box was located.

25. TD Bank breached the bailment agreement in numerous respects, by its failure to: (i) exercise reasonable care in the safekeeping of Plaintiff's property; (ii) prevent unauthorized persons from entering into its purportedly secure areas; and (iii) have an adequate response to an alarm system.

26. The services provided by TD Bank deviated from the appropriate standard of care, competence and industry standards applicable to those engaged in the performance of such services, and were otherwise deficient, and not in compliance with the terms of the Contract. As a result, TD Bank breached its Contract with Plaintiff.

27. Plaintiff performed all duties and obligations required of it pursuant to the terms of the Contract.

28. As a direct and proximate result of the breach of the Contract, Plaintiff has sustained substantial and foreseeable damages, in excess of $250,000.00, the precise amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Gross Negligence Against TD Bank)

29. Plaintiff repeats and reallages each of the allegations contained in paragraphs 1-28 above as if fully set forth herein.

30. In exchange for valuable consideration, TD Bank agreed to provide Plaintiff the use of the Box, and agreed to safeguard, and to exercise reasonable care in the protection of, the Valuables placed in Plaintiff's Box.

31. A bailment was created upon the execution of the Contract in exchange for the payment of consideration by Plaintiff to TD Bank.

32.   TD Bank, as bailee, failed to return Plaintiff's, as bailor's, Valuables. TD Bank failed to protect and safeguard the Valuables placed in its custody by Plaintiff.

33.   TD Bank, its agents and employees, owed a duty of care to Plaintiff to reasonably and adequately secure and safeguard the vault, Box, and the contents therein against unauthorized third-party access.

34.   TD Bank, its agents and employees, owed a duty of care for Plaintiff to reasonably and adequately secure and safeguard the vault, Box, and the contents therein against theft.

35.   Due to the negligence and failure to adequately secure the vault located at the Branch Office by TD Bank, its agents and employees, unauthorized third-party individuals were permitted to access the vault and remove the contents of multiple safe deposit boxes, including Plaintiff's Box.

36.   TD Bank, its agents and employees', conduct in failing to safeguard Plaintiff's property constituted gross negligence, as TD Bank failed to exercise reasonable care in maintaining custody of Plaintiff's items placed in the Box.

37.   Due to the gross negligence and/or failure to act by TD Bank, its agents and employees, Plaintiff suffered damages.

38.   As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of NY Banking Law §338)

39.   Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-38 above as fully set forth herein.

40. TD Bank is a "banking organization" within the meaning of the New York Banking Law.

41. Pursuant to New York Banking Law §338, any banking organization or safe deposit company which offers safe deposit boxes for rent must include on all agreements, rental bills and attachments thereto a notice in at least eight point bold type reading as follows:

> Important Notice: (1) The contents of your safe deposit box may not be fully protected against loss under the insurance coverage maintained by the bank or safe deposit company. (2) For your protection, you may wish to secure your own insurance through an insurance company of your choice. (3) You should keep a complete list and description of all property stored in your safe deposit box, and any available proof of ownership.

42. TD Bank failed to provide plaintiff with the statutorily required notice with its rental bills.

43. TD Bank's failure to provide Plaintiff with a properly drafted notice is a breach of New York Banking Law §338.

44. As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Gross Negligence Against ADT LLC)

45. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-44 above as fully set forth herein.

46. Upon information and belief, at all relevant times, defendant ADT LLC maintained a security system at the Branch Office.

47. ADT LLC had a duty to exercise due care in connection with the security system that it maintained for the Branch Office and its customers, including Plaintiff, who reasonably relied upon ADT LLC's skill and reputation in the security industry.

48. Upon information and belief, ADT LLC received an alarm signaling the security breach at the Branch Office.

49. Upon information and belief, ADT LLC received the alarm signal but actively chose not to alert the police and summon them to the Branch Office.

50. Upon information and belief, ADT LLC, carelessly, recklessly or, alternatively, intentionally, dismissed the alarm as a system glitch.

51. Upon information and belief, ADT LLC had no basis to dismiss the alarm as a system glitch.

52. , ADT LLC's conduct in this regard evinces a reckless indifference to the rights of others or, alternatively, constitutes intentional misconduct.

53. ADT LLC breached its duties to the Branch Office and to its customers by engaging in the conduct described herein.

54. As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

55. The actions of ADT LLC, as aforesaid, were willful, wanton, outrageous and in reckless disregard of the rights of Plaintiff. As a consequence, ADT LLC should be required to pay punitive damages in an amount exceeding $500,000.00, the precise amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract Against ADT LLC)

56. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-55 above as fully set forth herein.

57. Upon information and belief, ADT LLC entered into a contract pursuant to which ADT LLC was to provide certain security and alarm services, in exchange for due consideration from TD Bank.

58. Plaintiff is a third-party beneficiary of the agreement between ADT LLC and TD Bank, and are therefore entitled to enforce this agreement.

59. Upon information and belief, ADT LLC breached its obligation under its agreement with TD Bank by engaging in the affirmative conduct and omissions described herein, and by otherwise failing to adhere to its obligations set forth in its agreement with TD Bank.

60. As a direct and foreseeable result of ADT LLC's breach of its agreement with TD Bank, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. On the first cause of action awarding Plaintiff as against Defendants, jointly and severally, in excess of $250,000.00, the precise amount to be determined at trial;

b. On the second cause of action, awarding Plaintiff as against TD Bank an amount in excess of the minimum jurisdictional limits of the Court, the precise amount to be determined at trial;

    c. On the third cause of action, awarding Plaintiff as against TD Bank an amount in excess of the minimum jurisdictional limits of the Court, the precise amount to be determined at trial;

    d. On the fourth cause of action, awarding Plaintiff as against ADT LLC punitive damages in an amount exceeding $500,000.00, the precise amount to be determined at trial;

    e. On the fifth cause of action, awarding Plaintiff as against ADT LLC an amount in excess of the minimum jurisdictional limits of the Court, the precise amount to be determined at trial;

    f. awarding Plaintiff attorney's fees and costs; and

    g. awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York  
August 3, 2015

                                      GOLDBERG & RIMBERG PLLC  
                                      *Attorneys for Plaintiff*

                                      BY: _____  
                                      ROBERT L. RIMBERG  
115 Broadway  
New York, New York 10006  
Tel: (212) 697-3250  
Fax: (212) 227-4533