UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

──────────────────────────────X
:
BAT, LLC,                                                             :
                                                                      :   Case No. 1:15-cv-05839-RRM-MDG
                    Plaintiff,                                        :
                                                                      :   Hon. Marilyn D. Go
            - against -                                               :
                                                                      :   Electronically Filed
TD BANK, N.A. and SECURITY AND DATA                                   :
TECHNOLOGIES, INC.,                                                   :
                                                                      :   **FIRST AMENDED COMPLAINT**
                    Defendants.                                       :
──────────────────────────────X

Plaintiff BAT, LLC, by its undersigned counsel, Goldberg & Rimberg PLLC, for its amended complaint against defendants alleges as follows:

**PARTIES**

1.  Plaintiff BAT, LLC ("BAT") is a limited liability company duly organized and existing under the laws of the State of New York.

2.  Plaintiff is the assignee of all rights and claims of Chaya Bienestock and Yaakov Bienestock (the "Bienestocks"). BAT and the Bienestocks are collectively referred to as Plaintiff.

3.  Upon information and belief, TD Bank, N.A. ("TD Bank") is a national bank, chartered and regulated by the Comptroller of the Currency, having its principal place of business in New Jersey and Maine.

4.  Upon information and belief, TD Bank owns and operates a TD Bank, N.A. branch office located at 1602 Avenue U, Brooklyn, New York 11229 (the "Branch Office").

5.  Upon information and belief, defendant Security and Data Technologies, Inc. ("Security") is a Delaware Corporation with its principal place of business located at 101 Pheasant Run, Newtown, Pennsylvania 18940.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. At all relevant times, TD Bank has been in the business of providing safe deposit services at the Branch Office, pursuant to which, inter alia, TD Bank leases safe deposit boxes in exchange for valuable consideration.

9. On or about June 10, 2010, in exchange for valuable consideration, Plaintiff entered into a Safe Deposit Box Lease Contract (the "Contract") with TD Bank, for the use of a safe deposit box (the "Box") at TD Bank's location at 1602 Avenue U, Brooklyn, New York 11229.

10. In exchange for Plaintiff's annual "rental fee," TD Bank agreed to safeguard and store the items that Plaintiff placed in its safe deposit box in the secured vault located at the Branch Office.

11. Pursuant to the Contract, the rental contract was to be "considered as renewed for another year, unless surrendered or terminated by the Bank."

12. At all relevant times, Plaintiff continued to pay the annual fee to TD Bank and as a result, the Contract renewed each year.

13. Each year when the Contract automatically renewed, the substantive terms of the original Contract were not changed.

14. The Contract did not have any provisions that limited TD Bank's liability with regard to certain types of items stored in the safe deposit boxes.

15. In or about June 2010, Plaintiff placed valuables in excess of $250,000 (the "Valuables") into the Box for safeguarding by TD Bank, its agents and employees.

16. On Monday, August 6, 2012, TD Bank employees at the Branch office arrived at the Branch Office to discover that the Branch Office had been unlawfully invaded and the contents of multiple safe deposit boxes had been stolen.

17. TD Bank, its agents and employees, notified police and a formal investigation of the Branch Office break-in and robbery was conducted. The investigation is ongoing.

18. Upon information and belief, unidentified perpetrators bypassed the alarm system at the Branch Office entered the Branch Office through a hole in the ceiling above the bank vault where the safe deposit boxes were contained.

19. Plaintiff's Box was one of multiple safe deposit boxes that was forcibly opened by the robbery perpetrators.

20. The contents of the Box were removed during the robbery.

21. Plaintiff did not recover any of the Valuables.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (Breach of Bailment Contract)

22. Plaintiff repeats and reallages each of the allegation contained in paragraphs 1-21 above as if fully set forth herein.

23. A valid bailment agreement existed between Plaintiff and TD Bank with respect to the Box.

24. TD Bank, in consideration of the rent paid under the terms of the Agreement, agreed to provide reasonable security to safeguard the Box and its contents and the room where the Box was located.

25. TD Bank breached the bailment agreement in numerous respects, by its failure to: (i) exercise reasonable care in the safekeeping of Plaintiff's property; (ii) keep unauthorized persons from entering into its purportedly secure areas; and (iii) have an adequate response to an alarm system.

26. The services provided by TD Bank deviated from the appropriate standard of care, competence and industry standards applicable to those engaged in the performance of such services, and were otherwise deficient, and not in compliance with the terms of the Agreement. As a result, TD Bank breached its agreement with Plaintiff.

27. Plaintiff performed all duties and obligations required of it pursuant to the terms of the agreement.

28. As a direct and proximate result of the breach of the Agreement, plaintiff has sustained substantial and foreseeable damages, in excess of $250,000, the precise amount to be determined at trial.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Gross Negligence Against TD Bank)

29. Plaintiff repeats and reallages each of the allegation contained in paragraphs 1-28 above as if fully set forth herein.

30. In exchange for valuable consideration, TD Bank agreed to provide Plaintiff the use of the Box and to safeguard and to exercise reasonable care in the protection of the valuable items placed in Plaintiff's Box.

31. A bailment was created upon the execution of the Lease Contract in exchange for the payment of consideration by Plaintiff to TD Bank.

32. TD Bank, as bailee, failed to return Plaintiff's, as bailor, property. TD Bank failed to protect and safeguard the valuables placed in its custody by Plaintiff.

33. TD Bank, its agents and employees, owed a duty of care to Plaintiff to reasonably and adequately secure and safeguard the vault and the contents therein against unauthorized third-party access.

34. TD Bank, its agents and employees, owed a duty of care for Plaintiff to reasonably and adequately secure and safeguard the vault and the contents therein against theft.

35. Due to the negligence and failure to adequately secure the vault located at the Branch Office by TD Bank, its agents and employees, unauthorized third-party individuals were permitted to access the vault and remove the contents of multiple safe deposit boxes, including Plaintiff's Box.

36. TD Bank, its agents and employees, conduct in failing to safeguard Plaintiff's property constituted gross negligence as TD Bank failed to exercise reasonable care in maintaining custody of Plaintiff's items placed in its safe deposit box.

37. Due to gross negligence and/or failures to act by TD Bank, its agents and employees, Plaintiff suffered damages.

38. As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(Violation of NY Banking Law §338)**

39. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-38 above as fully set forth herein.

40. TD Bank is a "banking organization" within the meaning of the New York Banking Law.

41. Pursuant to New York Banking Law §338, any banking organization or safe deposit company which offers safe deposit boxes for rent must include on all agreements, rental bills and attachments thereto a notice in at least eight point bold type reading as follows:

> Important Notice: (1) The contents of your safe deposit box may not be fully protected against loss under the insurance coverage maintained by the bank or safe deposit company. (2) For your protection, you may wish to secure your own insurance through an insurance company of your choice. (3) You should keep a complete list and description of all property stored in your safe deposit box, and any available proof of ownership.

42. TD Bank failed to provide plaintiff with the statutorily required notice with its rental bills.

43. TD Bank's failure to provide Plaintiff with a properly drafted notice is a breach of New York Banking Law §338.

44. As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### (Gross Negligence Against Security)

45. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-44 above as fully set forth herein.

46. Security had a duty to exercise due care in connection with the security system that it maintained for the branch and its customers, including Plaintiff, who reasonably relied upon Security's skill and reputation in the security industry.

47. Security breached these duties to the branch and to its customers by engaging in the conduct described herein.

48. Upon information and belief, Security received an alarm signaling the security breach at the branch, even though the burglar(s) cut the wires to try and bypass the security system.

49. Upon information and belief, Security received the distress signal but actively chose not to alert the police, carelessly, recklessly or, alternatively, intentionally, dismissing it as a system glitch instead, without any basis to do so. Security's conduct in this regard evinces a reckless indifference to the rights of others or, alternatively, constitutes intentional wronging by Security.

50. As a result, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

51. The actions of Security, as aforesaid, were willful, wanton, outrageous and in reckless disregard of the rights of plaintiffs. As a consequence, Security should be required to pay punitive damages in an amount exceeding $500,000.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Breach of Contract Against Security)

52. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-51 above as fully set forth herein.

53. Upon information and belief, Security entered into a contract pursuant to which Security was to provide certain security and alarm services, in exchange for due consideration from TD Bank.

54. Plaintiff is a third-party beneficiary of the agreement between Security and TD Bank, and are therefore entitled to enforce this agreement.

55. Upon information and belief, Security breached its obligation under its agreement with TD Bank by engaging in the affirmative conduct and omissions described herein, and by otherwise failed to adhere to its obligation set forth in its agreement with TD Bank.

56. As a direct and foreseeable result of Security's breach of its agreement with TD Bank, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, the precise amount of be determined at trial.

**WHEREFORE**, BAT demands judgment against Defendants as follows:

    a. awarding BAT as against Defendants, jointly and severally, damages in excess of $250,000, the precise amount to be determined at trial;

    b. punitive damages against Security in excess of $500,000, the precise amount to be determined at trial;

    c. attorney's fees and costs; and

    d. such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:   New York, New York
           December 14, 2015

                        GOLDBERG & RIMBERG PLLC
                        *Attorneys for Plaintiff*

                        By: */s/ Kelly Griffin-Fromm*
                            Robert L. Rimberg (RR 2453)
                            Kelly Griffin-Fromm (KG 7473)
                        115 Broadway
                        New York, New York 10006
                        Tel: (212) 697-3250
                        Fax: (212) 227-4533