UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BAT, LLC,

                Plaintiff,

- against -

TD BANK, N.A.; HALIFAX SECURITY, INC. d/b/a
NORTH AMERICAN VIDEO; HALIFAX SECURITY,
INC.; NORTH AMERICAN VIDEO, INC.; LYDIA
SECURITY MONITORING, INC. d/b/a COPS
MONITORING; and INTEGRATED SECURITY
SYSTEMS,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-5839 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff BAT, LLC ("BAT") brings this diversity action against defendants TD Bank, N.A. (the "Bank" or "TD Bank"), Halifax Security, Inc., Lydia Security Monitoring, Inc., Integrated Security Systems, and their corporate alter-egos, alleging claims arising from the purported theft of diamonds and other valuables stored at a TD Bank branch in Brooklyn, New York. Presently before the Court is BAT's objection to an order by the Honorable Magistrate Judge Cheryl L. Pollak granting in part and denying in part its motion to compel certain discovery. (Pl.'s Obj. (Doc. No. 164).) For the reasons set forth below, BAT's objection is overruled.

## BACKGROUND

Discovery in this case commenced in the fall of 2016 and has proceeded more or less continuously since. The parties' familiarity with the extensive history of discovery is presumed for the purposes of this Order. As relevant here, by letter dated February 26, 2018, BAT moved to compel TD Bank to provide "documents that it is required to possess pursuant to 12 CFR 21.1 – 4, including the identity of the designated security officer" and the "reports and minutes of the

board of directors" of the Bank. (Pl.'s 2/26/2018 Letter (Doc. No. 122) at 3.)[1] TD Bank opposed the motion, arguing, among other things, that BAT "failed to specifically identify which document requests . . . are at issue." (TD Bank's 3/5/2018 Letter (Doc. No. 125) at 1.)

In a memorandum and order dated July 30, 2018, Magistrate Judge Pollak addressed this and a litany of other then-pending discovery disputes. (7/30/2018 Mem. & Order (Doc. No. 139).) She noted at the outset that BAT had failed to comply with Local Civil Rule 37.1, which requires parties to cite to the specific discovery requests to which their motions are addressed. (*Id.* at 4–5 (citing Local Civ. R. 37.1).) She nevertheless concluded that, in the interests of efficiency, it was appropriate to rule on BAT's motion to compel. (*Id.* at 5.) She then granted BAT's motion with respect to the request for the identity of TD Bank's security officer and denied it with respect to the request for board minutes, concluding that this second request was "unjustifiably broad and not at all proportional to the needs of this case." (*Id.* at 8–9.) BAT did not object to these rulings.

Approximately one month later, on August 27, 2018, BAT renewed its effort to obtain board minutes, but this time it narrowed the scope of its request. As part of a new set of document requests, BAT sought production of the following:

> 6. A copy of TD's security officer's report, pursuant to 12 CFR 21.4, which report: (i) contains information concerning the Avenue U Branch; (ii) concerns the period form August 4, 2012 through August 8, 2012; and (iii) was provided by TD's security officer to TD's Board of Directors ("TD's Security Officer's Report").
>
> . . .
>
> 8. All minutes of TD's Board of Directors meeting concerning the Security Officer's Report.

---

[1] Unless otherwise noted, all page citations correspond to ECF pagination.

(TD Bank's Resp. to Pl.'s Reqs. for Produc. (Doc. No. 154-2) at 1, 5.) On October 3, 2018, TD Bank objected to both requests as overbroad and unduly burdensome, and it additionally objected to the request for board minutes (number 8) as an attempt to contravene Magistrate Judge Pollak's July 30, 2018, Memorandum and Order. (*Id.* at 5, 9.)

Subsequently, BAT asked for a pre-motion conference before Magistrate Judge Pollak in anticipation of a motion to compel production of the documents identified in its August 27, 2018, document request. (Pl.'s 1/4/2019 Letter (Doc. No. 153) at 4–6.) TD Bank opposed both the conference and motion. In its opposition, the Bank sought to supplement its initial reply by stating that, with respect to request number 6, "there is no file specifically labeled 12 CFR 21.3 [sic] or 'Security Officer's Report,' thus . . . the documents that Plaintiff seek[s] simply do not exist." (TD Bank's 1/11/19 Letter (Doc. No. 154) at 3 (emphasis omitted).) It added that, with respect to request number 8, there could not possibly be board minutes concerning a nonexistent report. (*Id.* at 4.)

By Memorandum and Order dated January 15, 2019, Magistrate Judge Pollak endeavored once more to guide the parties toward an efficient resolution of this dispute. (1/15/2019 Mem. & Order (Doc. No. 155).) First, recognizing that BAT had not only requested the two "specifically labeled" files the Bank now says do not exist, she ordered the Bank "to clarify whether there are any other reports that were prepared as part of the Bank's legal obligations under the CFR; and whether the Security Officer was deposed." (*Id.* at 3.) As of the date of this Order, the Bank has not provided this information. Second, with respect to the board minutes, Magistrate Judge Pollak determined that, despite BAT's narrowed request, she would not revise her earlier order declining to compel discovery of this material. (*Id.* at 4.)

3

BAT now objects to the second part of this ruling pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure ("Rule") 72. (Pl.'s Obj.) It argues that minutes of board meetings are generally discoverable, that the minutes requested here are likely to contain materially relevant information, and that, absent an invocation of privilege by TD Bank, their production should be compelled. (*Id.* at 2–4.) In support of its position, it cites to only a single case in which a district court granted a motion to compel production of relevant board minutes after concluding that they were not protected by attorney-client privilege. (*Id.* at 2–3 (citing *Strougo v. BEA Assocs.*, 199 F.R.D. 515, 524 (S.D.N.Y. 2001)).)

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72, district courts may delegate to magistrate judges the responsibility for issuing orders on non-dispositive pretrial matters. "Pretrial discovery orders, such as the order contested in this case, are generally viewed as nondispositive." *Kronisch v. United States*, No. 83-CV-2458 (KMW), 1995 WL 303625, at *1 (S.D.N.Y. May 18, 1995) (citing *Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846 (1990)), *aff'd*, 150 F.3d 112 (2d Cir. 1998). Parties have 14 days from the receipt of such orders to file objections thereto with the district judge. The district judge then "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar*, 900 F.2d at 525. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Grief v. Nassau Cty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (alterations omitted) (quoting, *inter alia*, *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

After careful review of Magistrate Judge Pollak's thorough and well-reasoned Memorandum and Order, the Court finds that it is not clearly erroneous or contrary to law. In fact, it is the opposite – it represents the logical next step in resolving the issue at hand. BAT has requested minutes relating to the "Security Officer's Report." (*See* TD Bank's Resp. to Pl.'s Reqs. for Produc. at 1, 5.) TD Bank has implied that such a report does not exist, and therefore that no such minutes exist. (TD Bank's 1/11/19 Letter at 3.) To state the obvious, Magistrate Judge Pollak cannot order "discover[y] [of] materials that do not exist." *Capalbo v. United States*, No. 10-CV-2563 (RJH) (JLC), 2012 WL 611539, at *5 (S.D.N.Y. Feb. 24, 2012); *c.f. Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) ("[W]e are in no position to second-guess [defendant's] representation that the documents . . . sought . . . do not exist."). Accordingly, in order to determine the next appropriate course of action, she has ordered TD Bank to clarify whether or not there is any report that could arguably be responsive to BAT's request. (1/15/2019 Mem. & Order at 3.)

As of now, the Bank has not made such a clarification. When it does, BAT will be entitled to renew its request for production. In the meantime, BAT's motion to compel board minutes associated with the "Security Officer's Report" is premature, and the Court declines to modify or set aside the portion of Magistrate Judge Pollak's Order denying that relief. *See* Fed. R. Civ. P. 72.

## CONCLUSION

For the reasons set forth herein, BAT's objection (Doc. No. 164) is overruled. This case remains committed to Magistrate Judge Pollak for all pretrial discovery issues.

SO ORDERED.

Dated: Brooklyn, New York
Jan 31, 2019

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge