UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BAT LLC,

                Plaintiff,

    v.

TD BANK, N.A., HALIFAX SECURITY, INC., d/b/a NORTH AMERICAN VIDEO, HALIFAX SECURITY, INC., LYDIA SECURITY MONITORING, INC., d/b/a COPS MONITORING and INTEGRATED SECURITY SYSTEMS,
                Defendants.

15-cv-5839 (NRM) (CLP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

NINA R. MORRISON, United States District Judge:

    In this action, Plaintiff asserts violations of New York Banking Law § 338 as well as gross negligence, breach of bailment contract, and breach of contract. The underlying dispute arises from losses asserted by Plaintiff from the theft of certain high-value items that were stored in a safe deposit box at a TD Bank branch in Brooklyn, New York, and which were seized by intruders in 2012.

    This Court referred a series of interrelated motions to the Hon. Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation. As described below, the Court adopts Magistrate Judge Pollak's detailed and well-reasoned Report and Recommendation in full.

## BACKGROUND

    On August 3, 2015, Plaintiff BAT LLC ("BAT") commenced the instant action, asserting violations of New York Banking Law § 338 as well as gross negligence,

1

breach of bailment contract, and breach of contract. Plaintiff alleges that it is owed damages arising from the theft of certain high-value items — including what Plaintiff contends were millions of dollars' worth of diamonds — that were stored in a safe deposit box at a TD Bank branch in Brooklyn, New York, and which were seized by still-unidentified intruders who breached the Bank's security systems in August 2012.

Plaintiff originally brought this suit against Defendant TD Bank ("TD Bank" or "the Bank") and a second Defendant (ADT LLC) who has since been voluntarily dismissed from the case. In the nine years since the lawsuit was commenced, the parties — who now include a total of four Defendants — have engaged in extensive discovery, and Plaintiff has amended its complaint three times. The present record entails hotly disputed claims between the remaining parties regarding, *inter alia*, which persons, estates, or other entities have a lawful ownership interest in the stolen contents of the safe deposit box. In particular, the parties dispute whether Plaintiff BAT — which alleges that it is a limited liability company with the right to sue to recover certain losses arising from the August 2012 break-in at the Bank — has standing to assert the state law claims at issue in this action.

On December 20, 2022, this Court referred a series of interrelated motions to the Hon. Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation ("R&R"). These included: (1) four motions for summary judgment filed by Defendants Lydia Security, Halifax, TD Bank, and Integrated Security

2

Systems[1] (ECF Nos. 304, 305, 306, 309); (2) Plaintiff's cross motion for summary judgment and spoliation against Defendants TD Bank and Halifax (ECF No. 322); (3) TD Bank's motion to preclude Plaintiff's expert Donald Palmieri (ECF No. 307); (4) Plaintiff's motion to preclude Defendants' various experts (ECF No. 321); and (5) Plaintiff's motion to amend the Complaint (ECF No. 354).

On March 30, 2024, Judge Pollak issued a seventy-eight-page R&R recommending dismissal of the entire action due to lack of subject matter jurisdiction. Specifically, Judge Pollak concluded that, even viewing the record in the light most favorable to Plaintiff, Plaintiff lacked Article III standing to assert the claims in the Fourth Amended Complaint because BAT did not have valid "title or ownership" in the underlying subject of the claims asserted (*i.e.*, the contents of the safe deposit box at issue). Judge Pollak therefore recommended that this Court grant Defendants' motion for summary judgment based on lack of subject matter jurisdiction. Judge Pollak also recommended that the Court deny Plaintiff's motion for leave to amend its complaint under Fed. R. Civ. P. 15(a)(2), 17, and 21 to add four new individual plaintiffs ("the New Plaintiffs") whom BAT contended had suffered the requisite injury-in-fact to confer standing to sue under Article III. Finally, Judge Pollak recommended that the Court dismiss the parties' cross-motions to preclude experts as moot; that the Court deny Defendant Integrated Security Systems' motion for sanctions under Fed. R. Civ. P. 11(c); and that the

---

[1] Defendant Integrated Security Systems' motion includes a request for sanctions against BAT. (ECF No. 294).

Court deny Plaintiff's motion for sanctions against TD Bank and Defendant Halifax Security Holdings, Inc., for alleged spoliation of evidence concerning TD Bank's alarm system.

On April 15, 2024, Plaintiff timely filed objections to the R&R, insofar as the R&R recommended (1) summary judgment and dismissal of the action based on BAT's lack of standing, and (2) denial of leave to file a Fourth Amended Complaint. Each of the four Defendants filed its own memorandum in response to Plaintiff's objections, in which Defendants urged this Court to adopt Judge Pollak's R&R in full.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Drago*, No. 18-CR-0394 (SJF) (AYS), 2019 WL 3072288, *1 (E.D.N.Y. July 15, 2019) ("Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo."). However, where a party files an objection that is "conclusory or general . . . or

Court deny Plaintiff's motion for sanctions against TD Bank and Defendant Halifax Security Holdings, Inc., for alleged spoliation of evidence concerning TD Bank's alarm system.

On April 15, 2024, Plaintiff timely filed objections to the R&R, insofar as the R&R recommended (1) summary judgment and dismissal of the action based on BAT's lack of standing, and (2) denial of leave to file a Fourth Amended Complaint. Each of the four Defendants filed its own memorandum in response to Plaintiff's objections, in which Defendants urged this Court to adopt Judge Pollak's R&R in full.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Drago*, No. 18-CR-0394 (SJF) (AYS), 2019 WL 3072288, *1 (E.D.N.Y. July 15, 2019) ("Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo."). However, where a party files an objection that is "conclusory or general . . . or

Court deny Plaintiff's motion for sanctions against TD Bank and Defendant Halifax Security Holdings, Inc., for alleged spoliation of evidence concerning TD Bank's alarm system.

On April 15, 2024, Plaintiff timely filed objections to the R&R, insofar as the R&R recommended (1) summary judgment and dismissal of the action based on BAT's lack of standing, and (2) denial of leave to file a Fourth Amended Complaint. Each of the four Defendants filed its own memorandum in response to Plaintiff's objections, in which Defendants urged this Court to adopt Judge Pollak's R&R in full.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Drago*, No. 18-CR-0394 (SJF) (AYS), 2019 WL 3072288, *1 (E.D.N.Y. July 15, 2019) ("Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo."). However, where a party files an objection that is "conclusory or general . . . or

simply reiterates [the] original arguments," that portion of the R&R is reviewed "only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-cv-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). *See generally* Fed. R. Civ. P. 72(b)(3).

While substantial portions of Plaintiff's objections to the R&R merely restate its unsuccessful arguments before Magistrate Judge Pollak, out of an abundance of caution, this Court has conducted a *de novo* review of each of the two principal recommendations in the R&R to which Plaintiff objects: (1) Judge Pollak's conclusion that BAT lacks standing to bring this suit, and (2) her recommendation that leave to amend the complaint a fourth time be denied. Upon *de novo* review, the Court agrees with Judge Pollak's well-reasoned and thorough recommendations on both fronts. The Court has also reviewed the remainder of the R&R for clear error and finds none.

First, the Court fully concurs with Judge Pollak's finding that — even viewing the record in the light most favorable to Plaintiff, as is required at summary judgment — BAT lacks standing to pursue the claims in the Fourth Amended Complaint because it has not satisfied Article III's injury-in-fact requirement. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). In particular, the Court concludes that Plaintiff has not shown that it holds either "legal title or a proprietary interest in the claim[s]" at issue in this litigation. R&R at 22–23 (citing, *inter alia, W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008)). For the reasons stated cogently in the R&R, the record provides

5

no reasonable basis to conclude that the purported assignment of rights by Yaakov and Chaya Bienenstock to BAT in 2015 ("the 2015 Bienenstock Assignment") was in fact a valid assignment of title and/or ownership in TD Bank's safe deposit box #198 at its Avenue U Branch in Brooklyn ("the Box") or its contents as they existed in 2012.  Nor did the 2015 Bienenstock Assignment constitute a valid assignment to BAT of the 2010 lease agreement for the safe deposit box ("the Lease Agreement"). R&R at 3, 25, 29–30.  The 2015 Bienenstock Assignment contains no language expressly transferring, or otherwise conveying, title or ownership of the subject of the claims at issue; instead, it transfers only the right to bring the claims themselves, and merely conveying power of attorney does not give BAT standing to bring suit in its own name.  *See* R&R at 29–30.

Moreover, reviewing the record and applicable law *de novo*, the Court fully concurs with Judge Pollak's finding that even if the 2015 Bienenstock Agreement had expressly assigned title or ownership interest in the Box's contents to BAT, that, too, would not have been a valid assignment, because the Bienenstocks themselves "did not have title to or own any of the items in the Box."  R&R at 29. The Court further finds that even if it were to grant BAT's request to consider the 2015 Estate Assignment and Tappat Assignment, *see* Pl. Obj. at 29–36; R&R at 24–25, 31–34, these assignments suffer from similar defects as the 2015 Bienenstock Assignment and are insufficient to confer standing on BAT to pursue the claims in this action.

6

The Court further finds that in recommending summary judgment against Plaintiff and dismissal of the action for lack of standing, Judge Pollak properly excluded the alleged 2022 and 2023 Assignments from consideration, as both were produced for the first time after the close of discovery, in response to Defendants' anticipated motion for summary judgment. R&R at 48–51. The Court also agrees with Judge Pollak that the new Declarations from Abraham Sieger and Yaakov Bienenstock regarding an alleged "verbal agreement" as to BAT's formation and assignment of ownership rights among interested parties should be excluded from consideration, because the facts and theories they assert were not presented until seven years into this litigation. Plaintiff was on notice well before that time as to the relevant claims and defenses, and should have produced that information in discovery if it wished to rely upon it to defeat Defendants' standing challenge. R&R at 52–58.

As for Plaintiff's 2022 motion for leave to file a Fifth Amended Complaint more than seven years after initiating this lawsuit, the Court fully concurs with Judge Pollak's recommendation that the motion should be denied. R&R at 59–67. Plaintiff has not shown that it is entitled to amend its complaint a fifth time, particularly at this juncture of the litigation. While leave to amend should be freely given whenever justice so requires, allowing yet another amendment at this time and for the reasons asserted by Plaintiff would result in both undue delay and unfair prejudice to Defendants. *See* Fed. R. Civ. P. 15(a)(2); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Nor has Plaintiff shown that

7

amending its complaint to allow joinder and/or substitution of additional plaintiffs under Fed. R. Civ. P. 17 and 21 would be "merely formal" at this juncture, given that allowing the proposed amendments would entail substantial alterations to the factual allegations and legal bases for the claims themselves. *See* R&R at 69–70; *Advanced Magnetics, Inc., v. Bayfront Partners*, 106 F.3d 11, 20 (2d Cir. 1997). Accordingly, Plaintiff's motion for leave to amend is denied in its entirety.

No party has objected to Judge Pollak's recommendation that this Court deny its respective motion for sanctions (in Plaintiff's case, a sanctions motion based on alleged spoliation of evidence; and in Defendant Integrated Security System's case, a motion for sanctions under Fed. R. Civ. P. 11(c)). The Court has reviewed these portions of Judge Pollak's recommendations for clear error, *see* R&R at 72–77, and finding none, adopts her recommendations in full.

In light of the Court's dismissal of the action based on lack of subject matter jurisdiction, the parties' cross-motions to preclude expert witnesses are denied as moot.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Pollak's Report and Recommendation dated March 30, 2024 in full. Plaintiff's motion for leave to file a Fifth Amended Complaint is denied. Defendants' motion for summary judgment is hereby granted, and the action is dismissed for lack of subject matter jurisdiction.

8

SO ORDERED.

/s/ *Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
      September 26, 2024